UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASHLEY ROONEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil No. 06-20-B-W |
| v. ) | |
| ) | |
| SPRAGUE ENERGY CORP., ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S MOTION FOR INSPECTION OF PREMISES,
WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Plaintiff, by and through his undersigned attorney, and moves this Court for an order permitting Plaintiff and his counsel to enter upon and inspect the premises of Defendant's Searsport terminal. Plaintiff, through counsel, has made this request of Defendant and Defendant has declined to grant permission for entry upon the premises.[1]

The purpose for which Plaintiff seeks entry upon the premises is primarily to refresh Mr. Rooney's recollection regarding the layout of various portions of the premises. As Mr. Rooney has not been on the premises for almost three years, an inspection of the premises is necessary both to refresh his recollection of the layout of the premises and to permit him to observe any changes in the premises which have occurred since October 2004 which may either negatively or positively affect his ability to perform the job duties. It would be unfair to put Mr. Rooney in the position of having his testimony contradicted or impeached merely because his testimony will be contrasted with that of someone who has been there every day.

---

[1] It is anticipated that Defendant will argue that Plaintiff's request for entry upon its premises is untimely, as the discovery deadline has expired. However, this request is not made for purposes of discovery but rather in preparation for trial.

A secondary purpose will be to photograph certain things, including the fuel storage tanks and ladders. This is significant, as Defendant's primary claim in defense of this action is that Mr. Rooney is not able to safely perform the essential functions of his former position. Based on the issues raised in Defendant's motion for summary judgment, it is anticipated that at trial, Defendant will attempt to introduce specific testimony, including expert testimony, about the job duties of a terminal operator at the Searsport terminal.

As part of its defense to this case, Sprague hired a vocational expert, Evelyn Hartman, to review the terminal operator job description and opine whether Mr. Rooney could perform that job. In formulating her opinions, Ms. Hartman visited Sprague's Searsport terminal and observed and videotaped various job duties. From that taping, Defendant has produced and provided a DVD of certain aspects of the terminal and certain job requirements which does not, in Plaintiff's view, tell the whole truth. Since Defendant apparently plans to use this DVD at trial, fundamental fairness dictates that Plaintiff must be given the same opportunity to view and/or videotape other aspects of the terminal and/or the job duties. Moreover, in order for Plaintiff's counsel to effectively cross-examine Ms. Hartman, it is necessary for counsel to have the same opportunity to view the premises as did Ms. Hartman. Likewise, Plaintiff will be presenting expert testimony from Plaintiff's treating opthalmologist, Dr. Thomas Flynn, and it is important for Plaintiff's counsel to be able to accurately describe the premises and the job duties to Dr. Flynn upon direct examination.

Furthermore, Defendant's counsel indicated at the pretrial conference that Defendant intends to ask the court to permit the jury to view the premises, and it would be fundamentally unfair to permit such a viewing by the jury without allowing Plaintiff's counsel to see the

premises prior to that viewing. Defendant will want the jury's attention directed to certain things, and Plaintiff will be at a disadvantage without having had a prior opportunity to determine other potential areas of call to the jury's attention.

Plaintiff's counsel anticipates that no more than two or three hours would be necessary for an inspection of the premises, and that such an inspection could be conducted so as not to disturb the terminal's activities.

For the foregoing reasons, Plaintiff respectfully request that the Court issue an order permitting Plaintiff reasonable access to Defendant's Searsport, Maine premises prior to trial.

Date: June 12, 2007   /s/ Julie D. Farr
Charles E. Gilbert, III, Esq.
Julie D. Farr, Esq.
GILBERT & GREIF, P.A.
PO Box 2339
82 Columbia Street
Bangor, ME  04402-2339
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I, Julie D. Farr, Esq., attorney for Plaintiff, hereby certify that on June 12, 2007 I electronically filed Plaintiff's motion for inspection of premises, with incorporated memorandum of law with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Peter Bennett, Esq.

Dated: June 12, 2007

                                                  */s/ Julie D. Farr*
                                                  Julie D. Farr, Esq.
                                                  GILBERT & GREIF, P.A.
                                                  82 Columbia Street
                                                  PO Box 2339
                                                  Bangor, ME  04402-2339
                                                  Attorney for Plaintiff