UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASHLEY ROONEY,<br><br>                            Plaintiff,<br>v.<br><br>SPRAGUE ENERGY CORP.,<br><br>                            Defendant. | CIVIL NO. 06-20-B-W |

**DEFENDANT'S MOTION FOR ORDER PERMITTING THE JURY'S
VIEW OF THE SEARSPORT TERMINAL**

Defendant Sprague Energy Corp. ("Defendant" or "Sprague"), through its attorneys, pursuant to Local Rule 7 and this Court's Report of Final Pretrial Conference and Order hereby moves this Court for an Order permitting a view of the Searsport Terminal by the jury during the trial of this matter. In support of this motion, Defendant further states as follows:

Sprague is in the energy business and handles a complex variety of hazardous materials, both in liquid and dry form, as well as break bulk materials of various types. Sprague's business is highly regulated with numerous Federal, State and local laws, rules and regulations regulating the safe handling of hazardous materials and enforced by various governmental agencies, such as the United States Coast Guard ("Coast Guard"), Environmental Protection Agency ("EPA") and the Occupational Safety and Health Administration ("OSHA"). Sprague also must comply with the Homeland Security Act and the new security measures are regulated and enforced by Homeland Security, Immigration and Customs.

The Searsport Terminal is a complex terminal that both receives product into the terminal by vessel and rail and ships product out of the terminal by vessel, rail and truck. Plaintiff Ashley Rooney ("Rooney" or "Plaintiff") held the position of Terminal Operator at the Searsport

Terminal, the only non-managerial terminal job, for at least four years. A Terminal Operator is a general laborer/operator who must be capable of performing a wide range of complicated duties at an oil tank farm/bulk handling facility. A variety of skills are used and some skills are specialized and require certification or licensure. Work hours and shifts vary depending largely on vessel traffic and terminal needs. Work is predominately performed in an outdoor maritime environment 24 hours a day, 365 days per year.

Safety and environmental protection are the top priorities of Sprague. Whether or not Plaintiff can safely perform the essential functions of the Terminal Operator job is a primary issue in this case. There will be testimony from both sides of this case about the Terminal Operator job, its essential functions, the functions performed by the Plaintiff, as well as the functions that Plaintiff openly admits he would not perform or stopped performing, because it was not safe, due to his macular degeneration, poor vision, depth perception and perception of straight lines being wavy. Sprague believes that without a view the Court and the members of the jury will not be able to adequately and fairly understand the nature of the work and related safety issues in order to be able to fairly find the facts to which the law must be applied. Sprague respectfully submits that without the opportunity for a view, its ability to defend itself will be unfairly compromised and a violation of its right to due process as well as its right to a trial by jury.

The general public does not have access to Terminals and little, if any, understanding or common knowledge of oil tank farms/bulk handling facilities' operations. Even if the jury venire did, the Searsport Terminal and its operations are the focus of this lawsuit. As an aid to the jury's understanding and fair consideration of the anticipated testimony about the operations of the Searsport Terminal and the functions of a Terminal Operator at the Searsport Terminal,

particularly conflicting testimony, the jury should be permitted to view the Searsport Terminal, the areas walked and/or climbed, ladders, stairways, gauges, equipment driven, including large construction equipment, etc. and tasks of the Terminal Operator, if being performed at the time of the view, or at minimum the locations where tasks are performed, and what the tasks are, including without limitation vessel duty tasks.

| | |
|---|---|
| Dated:   Portland, Maine<br>            June 13, 2007 | Respectfully submitted,<br><br>Sprague Energy Corp.,<br><br>by its attorney,<br><br> /s/ Peter Bennett, Esq., Bar No. 2355 |

THE BENNETT LAW FIRM
121 Middle Street, P.O. Box 7799
Portland, ME  04112-7799
Telephone:  (207) 773-4775
Facsimile:  (207) 774-2366

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/EF system which will send notification of such filing to the following:

>Charles E. Gilbert, III, Esquire
>ceg@yourlawpartner.com

>/s/ Peter Bennett, Esquire (Bar No. 3533)

G:\DOCS\SPRAGUE\Rooney\Pleadings\Motion for View v.2.doc