UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ASHLEY ROONEY,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          CV-06-20-B-W
                                  )
SPRAGUE ENERGY CORP.,             )
                                  )
            Defendant.            )

**ORDER ON PREJUDGMENT INTEREST**

Under Maine law, prejudgment interest is a form of compensatory damages and subject to the statutory cap on compensatory damages in the Maine Human Rights Act.

**I.      STATEMENT OF FACTS**

On October 30, 2007, a federal civil jury issued a verdict in favor of Ashley Rooney against Sprague Energy Corp. (Sprague) on a Maine Human Rights Act (MHRA) disability discrimination claim. *Special Verdict Form* (Docket # 133). The jury awarded $300,000 in compensatory and $150,000 in punitive damages. *Id.* On June 26, 2008, the Court issued an Amended Order on Equitable Remedies, granting Mr. Rooney a back pay award. *Am. Order on Equitable Remedies* (Docket # 170). On July 2, 2008, the Court reduced the jury and court awards to an amended judgment.[1] *Am. J.* (Docket # 174). The Court entered judgment in the amount of $200,000 in compensatory damages and $84,765.03 in back pay damages, and ordered ongoing front pay damages of $463.35 per week to the date that Sprague reinstates Mr. Rooney. *Id.* Critically, the Court awarded prejudgment interest on the compensatory and back pay damage awards. *Id.*

---

[1] Pursuant to 5 M.R.S.A. § 4613(2)(B)(8)(e)(iii), the total award of $450,000 was reduced to $200,000. Mr. Rooney elected to have this entire amount treated as compensatory damages. *Order on Entering J.* (Docket # 173).

Responding to Sprague's post-trial motions, the Court came upon Chief Judge Singal's decision in *Webber v. Int'l Paper Co.*, 307 F. Supp. 2d 119, 129 (D. Me. 2004), in which he concluded that because prejudgment interest is an element of compensatory damages and compensatory damages are capped by statute, the plaintiff in *Webber* was not entitled to prejudgment interest in excess of the statutory maximum. The Court raised *sua sponte* whether the Amended Judgment correctly ordered prejudgment interest on the $200,000 compensatory damage award, which equals the maximum amount allowed by statute. 5 M.R.S.A. § 4613(2)(B)(8)(e)(iii). On October 1, 2008, the Court wrote to counsel and asked them for their respective positions. On October 3, 2008, counsel for Mr. Rooney replied, arguing that the Court should order prejudgment interest on the compensatory portion of the judgment.[2] On October 7, 2008, counsel for Sprague replied, contending that the amended judgment should be further amended to eliminate prejudgment interest on compensatory damage.

## II.   DISCUSSION

Maine law provides that "[i]n civil actions . . . prejudgment interest is allowed at the one-year United States Treasury bill rate plus 3%." 14 M.R.S.A. § 1602-B(3). Under this statute, Mr. Rooney would be entitled to prejudgment interest on his compensatory damages award, unless barred by another provision of Maine law. In *Webber*, Chief Judge Singal concluded that the statutory cap on compensatory damages limited the plaintiff's right to prejudgment interest. *Webber*, 307 F. Supp. 2d at 129. The cap applicable to this case is found in 5 M.R.S.A. § 4613(2)(B)(8)(e)(iii):

---

[2] *Webber* also addressed prejudgment interest on the back pay portion of the award. Chief Judge Singal noted that prejudgment interest could be waived "'on petition of the nonprevailing party and on a showing of good cause.'" *Webber*, 307 F. Supp. 2d at 129 (quoting 14 M.R.S.A. § 1602-B(5)). Like International Paper, Sprague filed no such petition and accordingly, the Court "does not reach the issue of whether there exists good cause not to award prejudgment interest on the back pay award because there was no petition that such interest be waived." *Id.*

      (e)  The sum of compensatory damages awarded under this subparagraph for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses and the amount of punitive damages awarded under this section may not exceed for each complaining party:

. . . .

          (iii)  In the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000.[3]

Chief Judge Singal rested his decision on *Moholland v. Empire Fire and Marine Ins. Co.*, 2000 ME 26, 746 A.2d 362, in which the Supreme Judicial Court of Maine addressed whether an insured could collect prejudgment interest against his insurance company, when the prejudgment interest would have exceeded the applicable liability limit in an underinsured motorist endorsement.  In *Moholland*, the Maine Law Court relied on its prior decision in *Trask v. Auto. Ins. Co.*, 1999 ME 94, 736 A.2d 237, in which it held that "prejudgment interest is a species of compensatory damages and is therefore governed by policy language limiting an insurer's exposure for damages."  *Moholland*, 2000 ME 26, ¶ 4, 746 A.2d at 364 (citing *Trask*, 1999 ME 94, ¶ 8, 736 A.2d at 239-40).  Since prejudgment interest is a form of compensatory damages and since compensatory damages are limited to $200,000, it follows that Mr. Rooney cannot receive an award of prejudgment interest in excess of the maximum amount the law allows.

      Mr. Rooney urges a different interpretation.  He points out that *Moholland* and *Trask* interpreted policy language in insurance contracts, which expressly limited the damages recoverable to maximum figures.  *Letter of Att'y Charles E. Gilbert, III, Esq.* at 2 (*Gilbert Ltr.*).  Here, he points out that the statutory language is different and contends this requires a different result.  He says that by itemizing specific categories of compensatory damages, the Maine Legislature limited the definition of compensatory damages to those categories in the list: "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of

---

[3]  In 2007, the Maine Legislature raised this cap to $300,000, but there is no claim that the higher amount is applicable to Mr. Rooney's case.  P.L. 2007, ch. 457, § 1 (effective September 20, 2007).

enjoyment of life, [and] other nonpecuniary losses." 5 M.R.S.A. § 4613(2)(B)(8)(e). Contending that prejudgment interest compensates a past pecuniary loss, Mr. Rooney says it does not fit within any of these subcategories in the statutory definition of compensatory damages.[4]

The Court remains unconvinced. First, Mr. Rooney does not explain why prejudgment interest, which supposedly compensates for "the time value of delays inherent in litigation," *Gilbert Ltr.* at 2, cannot fairly be said to compensate for the "inconvenience" of being required to litigate his claim against Sprague. Second, the statute does address the award of prejudgment interest under section 1602-B(3) and specifically exempts from the statutory cap prejudgment interest on back pay awards. The statute does not extend this exemption to interest on compensatory damages:

> Compensatory damages awarded under this subparagraph do not include back pay, *interest on back pay* or any other type of relief authorized elsewhere under this subsection.

5 M.R.S.A. § 4613(2)(B)(8)(d) (emphasis added). Third, the list of subcategories of compensatory damages in section 4613(2)(B)(8)(e) could well be descriptive, not exclusive. Fourth, there is no logical basis for interpreting the same term, "compensatory damages," in favor of insurers, who author their own policies, and against employers, whose responsibility is established by the Legislature. Finally, the manifest purpose of the gradation of statutory caps in the MHRA is to balance the rights of the employee against the duties of the employer and to cap

---

[4] Mr. Rooney also observes that in a similar law, the Maine Tort Claims Act, the Maine Legislature demonstrated that it knows how to expressly include prejudgment interest in a statutory damages cap. *See* 14 M.R.S.A. § 8105(2) (providing that "[c]ourt costs, *prejudgment interest* and all other costs that a court may assess must be included within the damage limit specified in this section. Accrued post-judgment interest may not be included within the damage limit.") (emphasis added). This argument has some merit, but it is always tricky to divine legislative intent in one statute by interpreting another. A counterargument is that the prejudgment interest language in the Maine Tort Claims Act reflects a more general legislative intent to include prejudgment interest within any statutory cap on damages, unless specifically excluded, as is interest on back pay in the MHRA. In the end, the Court resolves this question on the language of the statute and the interpretations of similar language in state and federal courts.

the damage awards for compensatory damages based on the size of the employer.  To award prejudgment interest on the compensatory damages portion of the verdict would impose an award higher than the Maine Legislature authorized for an employer the size of Sprague.

## III.    CONCLUSION

The Court hereby amends the Amended Judgment (Docket # 174):

Ashley Rooney is to be reinstated to his former job as terminal operator; plaintiff is awarded front pay equal to a weekly award of $463.35 from June 24, 2008 to the date Sprague Energy Corp. reinstates Mr. Rooney; plaintiff is awarded prejudgment interest on the back pay damage award only.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 9th day of October, 2008